UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| **CREATIVE PHOTOGRAPHERS, INC.** | |
| Plaintiff, | CIVIL ACTION # 5:20-cv-383 |
| vs. | |
| **SHWEIKI MEDIA, INC. d/b/a STUDY BREAKS MAGAZINE and GAL SHWEIKI** | JURY DEMANDED |
| Defendants | |

### PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Creative Photographers, Inc. respectfully alleges as follows for its original complaint against Shweiki Media, Inc. d/b/a Study Breaks Magazine, and Gal Shweiki.

### PARTIES

1. Plaintiff Creative Photographers, Inc. ("Plaintiff" or "CPi") is a New York corporation with its principal place of business in New York, New York.

2. Defendant Shweiki Media, Inc. d/b/a Study Breaks Magazine ("Defendant" or "SMI") is a Texas corporation with its principle place of business in San Antonio, Texas, and may be served through its registered agent Gal Shweiki, 8703 Botts Ln., San Antonio, Texas, 78217.

3. Defendant Gal Shweiki is an individual believed to reside in San Antonio, Texas, and upon information and belief, may be served at his residence at 12530 Elm Manor, San Antonio, Texas, 78230.

## NATURE OF THE CLAIMS

4. This is an action for copyright infringement under 17 U.S.C. § 101 *et seq.* and violations of the Digital Millennium Copyright Act ("DMCA"), arising in connection with Defendants' unauthorized commercial exploitation of three (3) federally registered photographs.

## JURISDICTION and VENUE

5. This Court has subject matter jurisdiction over this action under 17 U.S.C. §§ 101 *et seq.* (the U.S. Copyright Act); and 28 U.S.C §§ 1331 (federal question) and 1338(a) (copyrights).

6. This Court has personal jurisdiction over the Defendants, and venue in this District is proper under 28 U.S.C. § 1391(b) and 28 U.S.C. § 1400(a), in that a substantial part of the acts of infringement complained of herein occurred in this District and because the Defendants may be found in this District.

## CONDITIONS PRECEDENT

7. All conditions precedent have been performed or have occurred.

## BACKGROUND FACTS

8. Plaintiff CPi is a boutique photo agency specializing in the licensing of high-end celebrity photography. CPi provides imagery for a number of commercial markets – including editorial use, advertising, entertainment, and merchandising – in over 30 countries worldwide.

9. Defendant SMI is a media and print company, with its principle place of business in San Antonio, Texas. Upon information and belief, SMI does business as Study Breaks Magazine, and in that capacity, owns and operates the online version of Study Breaks Magazine at www.studybreaks.com.

10. Defendant Shweiki is the Founder of Study Breaks Magazine, and the Founder, President and Director of SMI; and upon information and belief, is its sole shareholder.

11. CPI's vast catalogue includes a series of photographs of singer, actress and television personality Christina Aguilera that were created by noted fashion photographer Zoey Grossman (the "Photos").  The Photos depict Aguilera in a highly unique setting – in close-up, without make-up, embracing her natural imperfections.  Originally published in the fashion magazine Paper on or about March 5, 2018, the images received widespread media attention immediately after publication.

12. The Photos were timely registered with the U.S. Copyright Office within three (3) months of initial publication, on May 11, 2018, and given registration number VA 2-105-011.  A true and correct copy of the registration certificate is attached hereto as **Exhibit A**.

14. On or about April 8, 2018, SMI republished three (3) of the Photos on its web-magazine studybreaks.com in an article by Andria Modica entitled "Christina Aguilera Goes Barefaced for the Cover of Paper Magazine" at https://studybreaks.com/culture/music/christina-aguilera/ (the "Article"), as illustrated below.



3



15. As published by Paper Magazine, the Photos were credited and attributed to Grossman. However, as published by SMI, the Photos bore no credit or attribution to Grossman – instead, they were falsely attributed to "ivory-ng" and "Independent" (see images above). Moreover, SMI utilized a copyright notice purporting to place readers on notice that it owned all copyrighted material, as follows: "© 2018 Study Breaks." Worst of all, SMI induced its readers to commit further infringement via a series of social media buttons (as reflected above), which allowed its readers to re-distribute one of the unattributed Photos. Upon information and belief, SMI allowed and encouraged these re-distributions as a means to drive traffic to its website.

16. As Grossman's exclusive photo agent, CPi enjoys numerous exclusive rights with respect to the Photos, including the exclusive right to copy, distribute, display and create derivative works from the Photos, and exclusive right to sue for infringement, and is therefore the appropriate Plaintiff in this action.

17. CPi's counsel attempted on several occasions to contact SMI and Shweiki in an effort to resolve this dispute out-of-court, but was ignored. To date, Defendants continue to infringe Plaintiff's copyrights (the article is still visible at https://studybreaks.com/culture/music/christina-aguilera/), and continue to induce further infringement via social media, leaving Plaintiff with no option but to file suit.

18. CPi now brings this suit for copyright infringement.

## COUNT 1:
## SMI'S LIABILITY FOR COPYRIGHT INFRINGEMENT

19. Plaintiff CPi realleges and incorporates herein the foregoing paragraphs.

20. By its actions alleged above, SMI has infringed Plaintiff's federally registered copyrights. Specifically, by copying, distributing and/or displaying the Photos without its consent, SMI has infringed Plaintiff's exclusive rights set forth in 17 U.S.C. § 106, and is liable therefor.

21. In addition to and/or in the alternative to the foregoing, SMI is jointly and severally liable for Andrea Modica's unauthorized use and incorporation of the Photos into the Article, under principles of vicarious infringement, contributory infringement and/or respondeat superior. Upon information and belief, SMI – as publisher – had the right and ability to supervise and control Ms. Modica's use and submission of the Photos, and had the practical right to stop the infringement by deleting the article; and had a direct financial interest in the use of the Photos, which clearly acted as a draw for customers to the studybreaks.com website. Upon further information and belief, SMI induced, caused and/or materially contributed to infringing conduct by, *inter alia*, providing a platform for Modica to publish the Article, and by continuing to publish the Article after being notified that it infringed Plaintiff's copyrights. Upon further

information and belief, SMI is also liable as "principal" for the infringing acts of its "agent," Modica.

22.     In addition to the foregoing, SMI contributorily infringed Plaintiff's copyrights by inducing its readers to redistribute the Photos, thereby driving additional traffic to the studybreaks.com website.  In addition to and/or in the alternative the foregoing, SMI is jointly and severally liable for the infringement of Plaintiff's copyrights by its readers because (a) it had the right and ability to supervise the infringing activity of its readers, and the practical ability to stop the infringement by removing the share buttons, and (b) had a direct financial interest in such activities by virtue of heightened traffic to the studybreaks.com website.

23.     Upon information and belief, SMI's actions constituted willful infringement of Plaintiff's copyrights inasmuch as it knew, or had reason to know, that its actions constituted copyright infringement; and/or because it acted with reckless disregard of Plaintiff's copyrights. For instance, even after being contacted about the unauthorized use of the Photos in the Article, SMI continued to publish the infringing Article, and continued to allow and encourage social sharing of the Article.

24.     As a result of the foregoing, Plaintiff is entitled to actual damages plus profits of the Defendants; or statutory damages of up to $150,000 per work infringed, plus attorney's fees and costs of court. 17 U.S.C. §§ 504, 505.

**COUNT 2:**
**SHWEIKI'S LIABILITY FOR COPYRIGHT INFRINGEMENT**

25.     Plaintiff realleges and incorporates herein the foregoing paragraphs.

26.     Upon information and belief, as the sole shareholder and President of SMI, Shweiki is jointly and severally liable for the infringement of Plaintiff's copyrights by SMI and/or Modica because "he had 'the ultimate authority to police the conduct of' [SMI's]

employees" and agents.[1] Alternatively, upon information and belief, Shweiki is jointly and severally liable for the infringement of Plaintiff's copyrights by SMI and/or Modica because (a) as President of Shweiki Media, he had the right and ability to supervise the infringing activity, and the practical ability to stop it by ordering that the Article be taken down, and (b) had a direct financial interest in such activities by virtue of his ownership interests in the company.[2]

27. Upon information and belief, Shweiki's actions constituted willful infringement of Plaintiff's copyrights inasmuch as he knew, or had reason to know, that the actions of SMI and/or Modica constituted copyright infringement; and/or because he acted with reckless disregard of Plaintiff's copyrights. For instance, even after being contacted about the unauthorized use of the Photos in the Article, Shweiki failed to shut down the infringement.

28. As a result of the foregoing, Plaintiff is entitled to actual damages plus profits of the Defendants; or statutory damages of up to $150,000 per work infringed, plus attorney's fees and costs of court. 17 U.S.C. §§ 504, 505.

## COUNT 3:
## DMCA VIOLATION

29. Plaintiff realleges and incorporates herein the foregoing paragraphs.

30. Upon information and belief, SMI violated Section 1202 of the Digital Millennium Copyright Act ("DMCA") by (1) omitting Grossman's so-called copyright management information ("CMI"), consisting of her name, and/or (2) inserting false CMI

---

[1] *See, e.g., Universal Music-MGB Songs v. Clayton's Beach Bar & Grill L.L.C.*, Civil Action No. B:17-cv-16, 2017 U.S. Dist. LEXIS 67359, at *7 (S.D. Tex. Apr. 17, 2017) (quoting *Broad. Music*, 20 F.3d at 1171); *see also, Meadowgree Music Co. v. Voice in the Wilderness Broad., Inc.*, 789 F. Supp. 823, 826 (E.D. Tex. 1992) (finding that the owner-president-general manager of a radio station liable); *Red Giant, Inc. v. Molzan, Inc.*, No. CIV.A. H-07-2657, 2009 U.S. Dist. LEXIS 63990, 2009 WL 2242349, at *6 (S.D. Tex. 2009) (finding the owner-chef of restaurant liable); *Swallow Turn Music v. Wilson*, 831 F. Supp. 575, 579 (E.D. Tex. 1993) (finding a sole proprietor liable).

[2] *See Universal Music*, 2017 U.S. Dist. LEXIS 67359, at *6 (S.D. Tex. Apr. 17, 2017) (quoting *Broad. Music,* 20 F.3d 1171).

adjacent to its display of the Photos by attributing the Photos to "ivory-ng" and "Independent," and utilizing a copyright notice reading "© 2018 Study Breaks," and (3) distributing the photograph (hereinafter, the "Altered Photograph") via to the studybreaks.com website, and making them available for redistribution by its readers – with knowledge that Grossman's CMI had been removed.  Courts recognize that the omission and/or falsification of CMI is a serious violation of copyright because it deprives the copyright owner of professional recognition, and makes it easier for other potential infringers to compound that injury. *See Reilly v. Plot Commerce*, No. 15-CV-05118 (PAE) (BCM), 2016 U.S. Dist. LEXIS 152154, at *21-22 (S.D.N.Y. Oct. 31, 2016 quoting Russell W. Jacobs, Copyright Fraud in the Internet Age, 13 Colum. Sci.& Tech. L. Rev. 97, 147 (Feb. 15, 2012) (section 1202 of the DMCA protects a copyright owner's "rights of integrity and attribution," which in turn protect against "the widespread dispersion of inauthentic copies").  Upon information and belief, SMI engaged in the above described conduct while knowing, or, with respect to civil remedies under Section 1203 of the DMCA, having reasonable grounds to know, that its conduct would induce, enable, facilitate, and/or conceal infringement of Plaintiff's copyrights.

31.    Upon information and belief, as the sole shareholder and President of SMI, Shweiki is jointly and severally liable for SMI's violation of the DMCA because (a) as President of Shweiki Media, he had the right and ability to supervise and control the infringing activity, and (b) he had a direct financial interest in such activities by virtue of his ownership interests in the company.[3]

---

[3] *See, e.g., Gordon v. Nextel Commc'ns & Mullen Adver., Inc.*, 345 F.3d 922, 925-926 (6th Cir. 2003) (holding that a party may be vicariously liable for others' § 1202 DMCA violations when "(1) a defendant has the right and ability to supervise the infringing conduct and (2) the defendant has an obvious and direct financial interest in the infringement").

32. In addition to and/or in the alternative to the foregoing allegations, upon information and belief, SMI and Shweiki had the right and/or ability to supervise and control Andrea Modica's omission and falsification of Plaintiff's CMI; derived a direct benefit therefrom; and are therefore vicariously liable for her violation of Section 1202 of the DMCA.[4]

33. In addition to, and/or in the alternative to the bases for liability set forth in the preceding paragraphs, SMI and Shweiki are vicariously liable for violations of the DMCA because they had the right and/or ability to supervise and/or control their readers' widespread redistribution of the Altered Photograph, and had the practical ability to stop such redistribution by removing the social media buttons from their website. Defendants also had a direct financial interest in their readers' redistribution of the Altered Photograph in the form of heightened traffic to their websites, and are therefore vicariously liable for their readers' redistributions of the Altered Photograph.

34. As a result of the foregoing, Plaintiff is entitled to actual damages plus the profits of the Defendants; or in the alternative, statutory damages for each violation of Section 1202 of the DMCA, in an amount no less than $2,500 and no more than $25,000, plus costs and attorney's fees. 17 U.S.C. § 1203(c).

## JURY DEMAND

35. Plaintiff asserts its rights under the Seventh Amendment to the U.S. Constitution and demands, in accordance with Federal Rule of Civil Procedure 38, a trial by jury on all issues.

## PRAYER

Plaintiff prays for:

A. An order that Defendant and all persons under its direction, control, permission or authority be enjoined and permanently restrained from exploiting the Photos;

---

[4] *Id*.

B.  An award of actual damages and/or statutory damages under 17 U.S.C. § 504 and 17 U.S.C. § 1203(c);

C.  An award to Plaintiff of its reasonable costs and attorney's fees under 17 U.S.C. § 505 and 17 U.S.C. § 1203(b)(4) & (5);

D.  Prejudgment and post-judgment interest on any damage award as permitted by law; and

E.  Such other and further relief as the Court may deem just, proper and/or necessary under the circumstances.

Dated this 25th Day of March, 2019

**LAW OFFICE OF BUCK MCKINNEY, PC**

/s/ R. Buck McKinney
R. Buck McKinney
State Bar No. 00784572
408 W. 11th St., Fifth Floor
Austin, Texas 78701
Telephone:  512/236-0150
Fax:  512/444-1879
*mckinney@buckmckinney.com*
ATTORNEY FOR PLAINTIFF CREATIVE PHOTOGRAPHERS, INC.